IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JIMMY SNOW                                                                                          PLAINTIFF

vs.                                         Civil No. 2:20-cv-02011

COMMISSIONER, SOCIAL                                                                      DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Jimmy Snow ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability application on October 9, 2015. (Tr. 17). In this application, Plaintiff alleges being disabled due to anxiety, depression, high blood pressure, and post-traumatic stress disorder. (Tr. 177). Plaintiff has alleged an onset date of April 17, 2015. (Tr. 17). This application was denied initially and again upon reconsideration. (Tr. 17).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

1

this application, and this hearing request was granted. (Tr. 31-52). After this hearing, the ALJ entered an unfavorable decision. (Tr. 14-30). Plaintiff appealed that decision to this Court, and Plaintiff's case was reversed and remanded. (Tr. 414-422). Specifically, this Court directed the ALJ to further consider Plaintiff's subjective complaints and the *Polaski* factors. *Id.* After this case was remanded, the ALJ held a second administrative hearing on October 9, 2019 in Fort Smith, Arkansas. (Tr. 365-387). At this hearing, Plaintiff was present and was represented by Fred Caddell. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spraggins testified at the administrative hearing in this matter. *Id.*

On November 27, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 345-364). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2023. (Tr. 350, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 17, 2015, his alleged onset date. (Tr. 350, Finding 2). The ALJ found Plaintiff had the following severe impairments: adjustment disorder with mixed anxiety and depressed mood; and unspecified anxiety disorder. (Tr. 350, Finding 2). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 351-352, Finding 4).

The ALJ determined Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), on his alleged disability onset date. (Tr. 357, Finding 7). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 357, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 352-357, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors, and the general public.

*Id.*

The ALJ evaluated his Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 357, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 357-358, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* The VE testified that, given all Plaintiff's vocational factors, he retained the capacity to perform work as a kitchen helper (medium, unskilled) with 386,000 such jobs in the national economy; food preparation worker (medium, unskilled) with 260,000 such jobs in the national economy; merchandise marker (light, unskilled) with 545,000 such jobs in the national economy; and housekeeping cleaner (light, unskilled) with 91,000 such jobs in the national economy. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from April 17, 2015 through the date of his decision or through December 3, 2019. (r. 358, Finding 11).

The Appeal Council did not assume jurisdiction of this case. On February 6, 2020, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 6, 2020. ECF No. 5. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 14. Specifically, Plaintiff claims the RFC determination is not supported by substantial evidence in the record. *Id.* The Court will address this argument for reversal.

In assessing a claimant's RFC, it is the ALJ's responsibility to base that determination upon "all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *See Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir. 1995). The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional

5

limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. Plaintiff alleges he began suffering from disabling mental symptoms after shooting a robber in his home in January of 2012. (Tr. 325). As a result of this encounter, Plaintiff complained of decreased motivation, memory, focus, and pace due to his mental impairments. (Tr. 352-353). However, Plaintiff continued to work at a skilled level for more than six years while his physicians prescribed medication for his mental symptoms. (Tr. 368-370). His ability to continue working after this encounter undercuts his claim of being disabled. *See Roberts v. Apfel,* 222 F.3d 466, 469 (8th Cir. 2000) (recognizing that working with an impairment shows that it is not disabling).

Following the incident in 2012, Plaintiff's treating providers prescribed medication for anxiety, PTSD, and insomnia; and he reported improvement. (Tr. 330, 338, 343, 553, 592). Plaintiff received no ongoing counseling or psychiatric treatment. Evidence that medication is controlled Plaintiff's mental condition shows it is not disabling. *See Bernard v. Colvin,* 774 F.3d 482, 488 (8th Cir. 2014).

The ALJ also properly discounted the unsupported medical source opinions from treating physician Dr. Chambers who treated Plaintiff's mental symptoms by prescribing medication and one-time consultative examiners Robert L. Spray, Ph.D. and Patricia Walz, Ph.D. (Tr. 278-279, 297-298, 355-356, 598-602). As for Dr. Chambers, the ALJ recognized Dr. Chambers found Plaintiff "would miss five days or more a month as a result of his impairments and/or treatment thereof." (Tr. 356). The ALJ, however, made the decision to discount these limitations, finding

his "severe assessment that the claimant would miss more than five days or more a month as a result of his impairments and/or treatment thereof is inconsistent with the other medical evidence of record, the objective medical evidence, and the basis and/or rationale for the severe impairment is not provided by Dr. Chambers, and as such is neither helpful nor beneficial." *Id.* Such a finding is entirely proper. *See Anderson v. Astrue,* 696 F.3d 790, 794 (8th Cir. 2012) (holding "we have recognized that a conclusory checkbox form has little evidentiary value when it 'cites no medical evidence, and provides little to no elaboration.'").

The ALJ also fully considered the findings of consulting examiners Robert L. Spray, Ph.D. and Patricia Walz, Ph.D. (Tr. 352-357). Such limited findings generally do not constitute substantial evidence such that the ALJ was required to accept them. *See, e.g., Charles v. Barnhart,* 375 F.3 777, 783 (8th Cir. 2004). As such, the Court also finds no basis for reversal on this issue.

4. **Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13th day of November 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE